UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LEON CURTIS LEWIS,<br><br>        Petitioner,<br>v.<br><br>R.L. MORRISON, Warden,<br><br>        Respondent. | Civil No. 07-1134 (ADM/FLN)<br><br>**REPORT AND RECOMMENDATION** |

Leon Curtis Lewis, Federal Prison Camp - Duluth, P.O. Box 1000, Duluth, Minnesota, 55814, Petitioner, pro se.

Michael A. Dees, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, 55415, for Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) Respondent has filed a written answer to Petitioner's habeas corpus petition, contending that the petition should be denied, (Docket Nos. 6 and 7), and Petitioner has filed two reply memoranda in opposition to Respondent's answer, (Docket Nos. 11 and 12.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Petitioner's habeas corpus petition be denied, and that this action be dismissed for lack of jurisdiction.

**I.   BACKGROUND**

In 1989, Petitioner was indicted in the United States District Court for the Southern District of Ohio on eleven counts of violating federal drug laws. A jury later convicted him on all eleven counts, and he was sentenced for those convictions in June 1990.

Some of Petitioner's crimes were committed before the Sentencing Reform Act, ("SRA"), went into effect on November 1, 1987, and some of his crimes were committed after that date. However, when the trial court originally imposed Petitioner's sentence in 1990, no distinction was recognized between Petitioner's pre-SRA offenses, (also referred to as "old law offenses"), and his post-SRA offenses, (or "new law offenses"). Instead, the trial court treated all of Petitioner's offenses as post-SRA offenses. Petitioner was sentenced to 293 months in prison for his conviction on Count 1 of the indictment, which was a conspiracy offense. The remaining sentences for all of Petitioner's other offenses were to be served concurrently with the 293-month sentence on Count 1.[1] Petitioner is presently serving his 293-month sentence at the Federal Prison Camp in Duluth, Minnesota. He is scheduled to be released from prison on October 28, 2010.

Petitioner filed a direct appeal challenging his convictions, (not his sentence), but his arguments were rejected on the merits. His convictions and sentence were affirmed by the Sixth Circuit Court of Appeals on March 29, 1991. United States v. Lewis, No. 90-3604 (6th Cir.), 1991 WL 43903 (unpublished opinion), cert. denied, 502 U.S. 871 (1991), ["Lewis I"].

Petitioner also challenged his convictions in two motions brought under 28 U.S.C. § 2255. In the first such motion, Petitioner claimed that he had received ineffective assistance of counsel. That motion was denied by the trial court on December 15, 1992. (A subsequent motion seeking to set aside the judgment on the initial § 2255 motion was denied on March

---

[1] A comprehensive explanation of Petitioner's sentences is provided by the Declaration of Wanda Mullens, (Docket No. 7), at ¶s 4-5. That Declaration, which was filed as part of Respondent's answer to the current petition, identifies each offense for which Petitioner was convicted, and explains how he was sentenced for each offense.

2, 1993.) Petitioner's second § 2255 motion presented a double jeopardy claim, plus further claims of ineffective assistance of counsel, and some new challenges to his sentence. The trial court denied Petitioner's second § 2255 motion, and he then filed another appeal.

On Petitioner's appeal in his second § 2255 case, the Sixth Circuit Court of Appeals again upheld his convictions and sentence. The Court specifically held that Petitioner was barred from challenging his sentence in a § 2255 motion, because he failed to do so on direct appeal. As explained by the Court: "Any issues regarding his sentence should have been raised on [his] direct appeal. Because Lewis failed to raise these issues in his direct appeal to this court, they are deemed waived." Lewis v. United States, No. 96-3092 (6th Cir. 1997), 1997 WL 49028 (unpublished opinion) ["Lewis II"] at * 3.

After both of Petitioner's § 2255 motions were denied, he moved to have his sentence corrected pursuant to Rule 35 of the Federal Rules of Criminal Procedure. In that motion, Petitioner argued that some of his offenses were completed before the SRA became effective, (on November 1, 1987), and his sentences for those particular offenses should have been treated as "old law" sentences, for which he would be eligible for parole. The trial court acknowledged that "[b]ecause the Court sentenced [Petitioner] on all counts pursuant to the Sentencing Reform Act of 1984, [Petitioner] was denied the possibility of parole." (Order of the United States District Court for the Southern District of Ohio, filed April 18, 2000, p. 1.[2]) The trial court also agreed that Petitioner should have been sentenced under the old law for his convictions on counts 2, 3, 4, 5, 6, 7 and 8, and the court "correct[ed] Defendant's

---

[2] A copy of this order is included in the present record as "Attachment E" to the Declaration of Wanda Mullens. (Docket No. 7.)

sentence" as to those counts "to allow for the possibility of parole." (Id., p. 3.) The trial court's order also expressly noted that "Because counts 1, 9, 10, and 11 all occurred either after the effective date of the Sentencing Reform Act of 1984 or 'straddle' this date, the denial of the possibility of parole for these counts was proper." (Id., p. 2, n. 1.)[3]

Petitioner then filed a third appeal, claiming that the trial court should not have simply corrected his sentence, by making him eligible for parole on the sentences imposed for counts 2, 3, 4, 5, 6, 7 and 8, but rather, the trial court should have conducted a full new sentencing hearing, and re-sentenced him on all counts. The Court of Appeals rejected that argument. United States v. Lewis, 17 Fed.Appx. 370 (6th Cir. 2001), (unpublished opinion) ["Lewis III"].

The Court of Appeals specifically noted in Lewis III that neither Petitioner nor the Government "contends that the crimes referenced 1, 9, 10, and 11 are parolable offenses, <u>given the fact that those crimes were committed over periods of time that included the date on which the sentencing guidelines (with their prohibition on parole) became effective</u>." Id. at 373 (emphasis added).[4] The Court of Appeals also specifically noted that:

---

[3] It is well-settled in the Sixth Circuit, as well as in the Eighth Circuit, that the sentence for a "straddle offense," (i.e., an offense that commenced before the SRA effective date of November 1, 1987, but not completed until after that date), is governed by the SRA. See United States v. Walton, 908 F.2d 1289, 1299 (6th Cir.) ("a defendant who commits a continuing offense beginning before the effective date of the guidelines and ending after the effective date of the guidelines can be sentenced under the guidelines"), cert. denied, 498 U.S. 906 (1990); United States v. Stewart, 878 F.2d 256, 259 (8th Cir. 1989) ("any conspiracy that continued past November 1, 1987,... subjects the offender to the new Guidelines"); United States v. Smith, 909 F.2d 1164, 1168 (8th Cir. 1990) ("if the conspiracy straddles the effective date of the guidelines, then the guidelines apply"), cert. denied, 498 U.S. 1032 (1991).

[4] In a footnote, the Court of Appeals pointed out that Petitioner's sentence on count 3 also should have been treated as a new-law (non-parolable) offense, because some aspects of that crime occurred after the SRA effective date. 17 Fed.Appx. at 372, n. 1.

4

> "Even after correction of the sentences for crimes completed prior to the effective date of the sentencing guidelines to reflect the fact that those sentences did allow for the possibility of parole, the effective sentence imposed upon Lewis remained 293 months (without the possibility of parole), because all of the defendant's sentences were ordered to run concurrently and <u>the longest, non-parolable offenses were properly punished under the sentencing guidelines</u>."

<u>Id</u>. at 373 (emphasis added).

It appears that the trial court's correction of Petitioner's sentence, (by confirming that some of his sentences were parolable), had only minor (if any) practical consequences, because the United States Parole Commission had already determined that Petitioner should be granted parole "'effective after the service of 110 months on September 6, 1998, to the non-parolable SRA sentence only.'" (Declaration of Wanda Mullens, [Docket No. 7], at ¶ 8, quoting a United States Parole Commission "Notice of Action" dated August 5, 1998.) The Court understands this to mean that Petitioner was granted parole as to his parolable (old law) offenses, but he still had to complete his sentences for his non-parolable (new law) offenses.

In any event, even after the trial court and the Court of Appeals verified which of Petitioner's offenses resulted in pre-SRA parolable sentences, (namely counts 2, 4, 5, 6, 7 and 8), and which offenses resulted in post-SRA nonparolable sentences, (counts 1, 3, 9, 10 and 11), Petitioner continued to challenge those determinations. One month after the Court of Appeals' decision in <u>Lewis III</u>, Petitioner filed yet another motion in the trial court, claiming (again) that Count 1 was really a pre-SRA parolable offense – even though both the trial court and the Court of Appeals had previously ruled to the contrary. The trial court then reiterated that Petitioner's Count 1 conspiracy conviction could <u>not</u> be treated as pre-SRA parolable offense, because it was a "'straddling offense' that encompassed overt acts both before and

5

after the effective date of the [SRA]." United States v. Lewis, 166 Fed.Appx. 803, 805 (6th Cir. 2006) (unpublished opinion), ["Lewis IV"]. The Sixth Circuit Court of Appeals later agreed that "there would simply be no basis on which to hold that" the Count 1 conspiracy sentence "was subject to revision." Id. at 807.

After his multiple failures in the trial court and the Sixth Circuit Court of Appeals, Petitioner is now challenging his sentence for his Count 1 conspiracy conviction once again in his present § 2241 habeas corpus petition. This petition challenges the Count 1 conspiracy sentence on two grounds.

First, Petitioner contends that the trial court erred by not properly addressing his objections to his pre-sentence investigation report, ("PSR"). According to Petitioner, the PSR included inaccurate information pertaining to the Count 1 conspiracy offense, which caused the trial court to erroneously conclude that Count 1 was a straddle offense. He contends that the Count 1 conspiracy offense was not a straddle offense, because the crime was fully completed before the SRA became effective on November 1, 1987. He further contends that if the trial court had properly considered his objections to the PSR, the court would have realized that the relevant information in the PSR was false, and that the Count 1 conspiracy really was not a straddle offense. Thus, Petitioner is claiming at Ground One of his petition that because of the trial court's allegedly erroneous reliance on the PSR, he was wrongly sentenced under the SRA for his Count 1 conspiracy conviction, and "[t]his has allowed the [Bureau of Prisons] to execute an inaccurate sentence." (Petition, [Docket No. 1], p. (3), ¶ 9.(a).)

Petitioner's second claim is closely related to the first. He contends that there was no

6

"jury finding" as to when the Count 1 conspiracy ended, and his sentence for that offense must therefore be treated as a pre-SRA parolable sentence. (Id., ¶ 9.(b).)

Respondent acknowledges that Petitioner has exhausted the administrative remedies provided by the Bureau of Prisons, ("BOP"), for both of his current claims. However, the Court finds, for the reasons discussed below, that Petitioner's claims cannot be addressed on the merits here, due to lack of jurisdiction.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive post-conviction remedy available to a federal prisoner who is challenging the validity of his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241, unless the petitioner has affirmatively demonstrated that the remedy

7

provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the propriety of the sentence he received in 1990 for his Count 1 conspiracy conviction. Petitioner has tried to suggest that he is challenging only the execution of his sentence by the BOP, but that clearly is a mischaracterization of his claims. It was the trial court – not the BOP – that allegedly failed to make "factual findings to any of the objections in the PSR," and allegedly "has not presented any evidence that Petitioner ever discuss[ed] and reviewed the presentence report with his counsel." (Petition, p. (3), ¶ 9.(a).) It also was the trial court – not the BOP – that allegedly determined, "without a jury finding," that Petitioner's Count 1 conspiracy offense concluded after the effective date of the SRA. (Id., ¶ 9.(b).) In addition, Petitioner contends that the trial court erroneously relied on "disputed matters" in the PSR "in sentencing," (id., p. (10)), and that "factual objections to the presentence report... were not properly ruled on by the [trial] court," (id., p. (11)). Moreover, Petitioner is asking this Court to "find that Petitioner's sentence is unconstitutional." ("Petitioner's Memorandum in Support of His Motion Under 28 U.S.C. § 2241," [Docket No. 1], p. (9) [emphasis added]; see also id., at p. (11) (errors by the trial court allegedly rendered Petitioner's sentence "unconstitutional").) Thus, it is clear that Petitioner is actually challenging the propriety of the sentence imposed by the trial court – not

8

the BOP's execution of a sentence that he accepts as correct.

Furthermore, both the trial court and the Sixth Circuit Court of Appeals re-examined Petitioner's case on multiple occasions after he was sentenced, and both of those courts have clearly indicated that the SRA applies to Petitioner's Count 1 conspiracy conviction, because it is a straddle offense. The trial court so stated in the order filed April 18, 2000, (see p. 4, supra), and again in the order denying Petitioner's second Rule 35 motion. See Lewis IV, 166 Fed.Appx. at 805 ("the judge found that the conspiracy count was a 'straddling offense' that encompassed overt acts both before and after the effective date of the guidelines and was therefore subject to guideline sentencing"). In Lewis III, the Court of Appeals noted that it was uncontested that the Count 1 conspiracy offense was a straddle offense because it was "committed over periods of time that included the date on which the sentencing guidelines... became effective." 17 Fed.Appx. at 373. In Lewis IV, the Court of Appeals held that "there would simply be no basis on which to hold that the defendant's sentence on the conspiracy conviction was subject to revision," because "when a conspiracy encompasses dates both before and after the effective date of the sentencing guidelines, the sentence for such a crime is properly determined according to the guidelines." 166 Fed.Appx. at 806.

In sum, it is the federal courts, not the BOP, that have determined that Petitioner's Count 1 conspiracy offense continued after November 1, 1987, and that Petitioner's sentence for that offense is therefore governed by the SRA. The various federal court rulings in Petitioner's case confirm that his sentence for the Count 1 Conspiracy conviction is an SRA sentence. The BOP obviously must abide by those rulings when determining Petitioner's eligibility for parole and his release date. Therefore, while Petitioner claims that he is

9

challenging the BOP's execution of his sentence, it is clear that he is, in fact, challenging <u>the courts'</u> determination that Count 1 is a straddle offense that is subject to the SRA.[5] Because Petitioner is actually challenging the propriety of the sentence itself, and not just the BOP's execution of an admittedly correct sentence, his current claims are subject to the § 2255 exclusive remedy rule, unless the savings clause applies here.[6]

In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief twice before. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained

---

[5] In Petitioner's initial memorandum in opposition to Respondent's answer, he explains his claim as follows: "<u>By the District Court's failure</u> to resolve the objections by the defense [to the PSR], and make specific findings, this allows the BOP to continue executing Petitioner's sentence using an inaccurate date of offense for Count 1." ("Petitioner's Claim Of Execution Of Sentence Is Correct Procedure Under § 2241," [Docket No. 11], p. 6, [emphasis added].) This shows that Petitioner is really challenging the District Court's determination of his sentence, not the BOP's execution of the sentence.

[6] Petitioner cannot evade the exclusive remedy rule by presenting the obfuscatory argument that the BOP is improperly executing an improper sentence. If the BOP is erroneously executing a valid sentence, then relief is not available under § 2255, and a § 2241 habeas corpus petition is the proper mechanism for seeking federal judicial review of the BOP's alleged error. However, if the BOP is enforcing an allegedly erroneous sentence, (as Petitioner alleges here), then a § 2255 motion is the appropriate – and exclusive – mechanism for seeking federal judicial review. If a prisoner could challenge the validity of his sentence in a § 2241 petition, just by claiming, (as Petitioner does here), that the BOP is "improperly executing" an allegedly improper sentence, then the § 2255 exclusive remedy rule would be rendered meaningless, because it could be easily circumvented in every case involving an alleged sentencing error.

by the trial court without the prior approval of the Sixth Circuit Court of Appeals. 28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Sixth Circuit Court of Appeals, the trial court could not entertain a new § 2255 motion at this time. Id. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

It also appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255[ ¶ 6 ]. For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Furthermore, it appears that Petitioner deliberately elected to seek relief under the § 2241 habeas corpus statute, based on his fallacious contention that he is merely challenging the manner in which the BOP is executing his sentence. As discussed above, however, this is not a case in which a prisoner finds no fault in the sentencing process, and challenges only the BOP's execution of an admittedly valid sentence. Because Petitioner claims that the trial court erred, he cannot seek relief under § 2241.

Moreover, Petitioner is not exempt from § 2255's exclusive remedy rule under the

11

savings clause, simply because he is not presently eligible for relief under § 2255, (due to the restrictions on successive motions and the one-year statute of limitations). The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions, and the statute of limitations, to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if

he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief in his direct appeal, and in numerous subsequent proceedings in the trial court and the Sixth Circuit Court of Appeals. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to present his current arguments in those proceedings, or because those arguments were previously presented and rejected. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the prisoner had "at least two opportunities to raise [his] argument before the sentencing court").

The Court also notes that Petitioner has attempted to overcome the § 2255 exclusive remedy rule by arguing that he is "actually innocent" with regard to the sentence he received. That argument, however, is foreclosed by Abdullah. There, the Court of Appeals made it clear that an actual innocence argument, by itself, does not automatically invoke the § 2255 savings clause. An actual innocence argument can be raised in a § 2241 habeas petition only if the petitioner never had a prior opportunity to raise the argument. Abdullah, 392 F.3d at 960 ("§ 2255 was not inadequate or ineffective to raise Abdullah's claim because... regardless of his ability to demonstrate actual innocence, Abdullah did have an unobstructed opportunity to raise his claim").

13

Here, as in <u>Abdullah</u>, Petitioner had an opportunity to present his actual innocence arguments, as well as all other challenges to his sentence, on direct appeal (and subsequent proceedings). As the Court of Appeals pointed out in <u>Abdullah</u> –

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting <u>Wolford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on <u>Abdullah</u>, the Court finds that the savings clause is not applicable here for any of Petitioner's claims, including any "actual innocence" claims. Petitioner has had an adequate procedural opportunity to raise his current claims for relief, including his actual innocence claims, and he is therefore barred from bringing those claims in a § 2241 habeas corpus petition.

## III.   CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the propriety of his 1990 federal prison sentence, (it does <u>not</u> challenge the BOP's execution of an admittedly correct sentence); (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations; and (4) neither Petitioner's present inability to seek relief under § 2255, nor his claims of "actual innocence," cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive

remedy rule. Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that this action must be dismissed for lack of jurisdiction. DeSimone, 805 F.2d at 323-24. See also Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be denied; and

2. This action be dismissed for lack of jurisdiction.

DATED: November 7, 2007                              *s/ Franklin L. Noel*
                                                    _____
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 27, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.