UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Leon Curtis Lewis,

    Petitioner,

 v.            **MEMORANDUM OPINION
              AND ORDER**
              Civil No. 07-1134 ADM/FLN

R.L. Morrison, Warden,

    Respondent.

_____

Leon Curtis Lewis, *pro se*.

Michael A. Dees, Esq., Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN, for Respondent.

_____

## I.  INTRODUCTION

    This matter is before the undersigned United States District Judge for a ruling on Petitioner Leon Curtis Lewis's ("Petitioner") Objections [Docket No. 18] to Magistrate Judge Franklin L. Noel's Report and Recommendation ("R&R") [Docket No. 17] of November 7, 2007.  The R&R recommends that Petitioner's Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1] be denied and dismissed for lack of jurisdiction.  For the reasons set forth below, the R&R is adopted.  The procedural and factual background, described in the R&R, is incorporated by reference for review of Petitioner's present Objections.

    After submitting his Objections, Petitioner sought leave to amend his Petition to incorporate a discussion of United States v. Saeteurn, 504 F.3d 1175 (9th Cir. 2007).  Petitioner asserts that according to Saeteurn, Federal Rule of Criminal Procedure 32(i)(3)(b) required the sentencing court to make written findings on the controverted facts contained in the presentencing investigation report ("PSR") and append those findings to the PSR.  Saeteurn,

however, does not stand for the proposition for which Petitioner cites it.  To the contrary, the Ninth Circuit clarified that Rule 32(i)(3)(b) only requires written findings on "factual disputes which affect the temporal term of the sentence." Saeteurn, 504 F.3d at 1180.  Rule 32(i)(3)(b) does not require the sentencing court to make findings where the controverted facts effect "post-sentencing decisions, such as where to house [the defendant] and [the defendant's] eligibility for prison programs and early release from prison." Id. at 1179.  Because Saeteurn would not alter the Court's decision, leave to amend would be futile and is denied.

## II.  DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

**A.     Jurisdiction Over 28 U.S.C. § 2241 Petition**

Petitioner objects to Judge Noel's conclusion that his Petition presented a collateral attack on his sentence and not a challenge to the Bureau of Prison's ("BOP") imposition of that sentence.  Petitioner contends that he is not challenging his underlying sentence, rather he is challenging the lack of factual findings on controverted matters contained in the PSR.  Petitioner contends that because the district court failed to make written findings and append those findings to the PSR, the BOP is improperly executing his sentence by denying him parole.

"It is well settled that a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255

. . . , and not in a habeas petition filed in the court of incarceration . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). The court of incarceration has jurisdiction to hear a petitioner's postconviction challenge to the petitioner's conviction or sentence only if the petitioner can affirmatively demonstrate that the remedy under § 2255 is "inadequate or ineffective to test the legality of . . . [his] detention." DiSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986).

Petitioner attempts to characterize his challenge as an attack on the BOP's execution of his sentence, but the alleged error entitling him to relief remains that of the sentencing court. His argument is that the BOP is administering his sentence based on allegedly false facts contained in the PSR, that the BOP has a duty to verify those facts, but that the BOP cannot comply with that duty because the sentencing court failed to make written factual findings on the controverted facts in the PSR. Because he attributes the problems with his sentence to the sentencing court's failure to make written factual findings, Petitioner asks this Court to "order that written determinations be appended to the PSR."

In doing so, Petitioner not only attributes error to the sentencing court, he also requests that this Court order the sentencing court to make findings. The remedy sought illustrates that Petitioner's claim is a collateral challenge to his sentence for which this Court does not have jurisdiction. Further, Petitioner has not demonstrated that relief under § 2255 is "inadequate or ineffective" such that he is entitled to relief under § 2241. The Eighth Circuit has explained that § 2255 is not inadequate or ineffective "where a petitioner had any opportunity to present his claim beforehand." Abdullah v. Hedrick, 392 F.3d 957, 963 (8th Cir. 2004). Petitioner has

twice sought relief under § 2255 and has failed to demonstrate how those opportunities were inadequate or ineffective.

In certain limited instances, a § 2241 petition barred by the exclusive remedy rule may be converted to a § 2255 motion and transferred back to the sentencing court.  As already stated, Petitioner has previously adjudicated two § 2255 motions.  Petitioner cannot file a second or successive § 2255 motion without preauthorization from the Eighth Circuit.  See 28 U.S.C. §§ 2244(b)(3) & 2255 (final paragraph).  Because the Eighth Circuit has not granted Petitioner a preauthorization order, it would be inappropriate to convert Petitioner's § 2241 petition to a § 2255 motion at this time.  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

**B.**     **Actual Innocence Claim**

In his Petition, Petitioner averred he was entitled to relief based on a claim of actual innocence.  In his reply memorandum in support of his motion, Petitioner realized that because he previously raised an actual innocence claim in a § 2255 Petition, he could not do so in a subsequent petition.  Accordingly, Petitioner instructed the court to "delete" his claim of actual innocence and proceed to his claim relating to the execution of his sentence.  Petitioner makes the following objection to the R&R: "Petitioner objects to the Magistrate's use of the 'Actual Innocence' claim in the Report and Recommendation when Petitioner sought in the opposition Brief to have that deleted from his argument."  Objections at 2.  Judge Noel has discretion to consider the case on the pleadings made.  Accordingly, Petitioner's attempt to abandon his actual innocence argument did not prohibit Judge Noel from addressing it.  Having the discretion to consider Petitioner's actual innocence argument, Judge Noel correctly determined that because

Petitioner could have raised his actual innocence in his previous § 2255 motions, he was barred from raising it in a § 2241 petition for relief.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 17] is **ADOPTED**;

2. Petitioner's Objections [Docket No. 18] are **OVERRULED**;

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 16, 2008.